UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:18-cr-00602-T-324SPF

MELANIE MARSHALL
_____/

## REPORT AND RECOMMENDATION

On May 20, 2020, the parties, including defendant Melanie Marshall ("Defendant"), appeared before the Court for a competency hearing. Based on the evidence presented at the hearing and the Court's personal observations of Defendant during the hearing, it is recommended that the District Judge find Defendant competent to stand trial.

## BACKGROUND

On November 19, 2019, the Court conducted a hearing to determine Defendant's competence, following a Forensic Psychological Evaluation of Defendant, finding her unable to: (1) appreciate the range and nature of possible penalties; (2) disclose to her attorney pertinent facts; (3) manifest appropriate courtroom behavior; and (4) testify relevantly. (Doc. S-57). Based on the Court's independent review of the Forensic Psychological Evaluation, the observations of Defendants' attorney and the Court's own observations at the hearing, the Court found by preponderance of the evidence, Defendant to be "suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings

against her or to assist properly in her defense" (Doc. 61).  As a result, the Court ordered Defendant to self-surrender to the Bureau of Prisons' Carswell Federal Medical Facility at Fort Worth, Texas ("Carswell") for treatment to determine whether there was a substantial probability that in the foreseeable future she would attain the capacity to permit the proceedings to go forward. (Doc. 61).

Four months after Defendant surrendered to Carswell for treatment and evaluation, the Warden signed a Certificate of Recovery and attached the Forensic Evaluation ("Report") by forensic psychologist, Dr. Matthew Opesso (Doc. 78).  After reviewing the Report, the Court set a new competency hearing for May 20, 2020 (Doc. 79).  At the hearing, the parties stipulated to Dr. Opesso's Report and findings as evidence of Defendant's competence.  Neither party offered any additional evidence or testimony.

## ANALYSIS

The issue here is whether the Court can find by preponderance of the evidence that Defendant has recovered and is now competent to stand trial.  A defendant is not competent to stand trial when she is presently "suffering from a mental disease or defect rendering [a defendant] mentally incompetent to the extent that [she] is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(a).  In other words, whether the defendant has "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against [her]." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)).

On March 23, 2020, Dr. Opesso opined that although Defendant "meets criteria for

mental illness, current symptoms from these mental disease or defects do not render her unable to understand the nature and consequences of the proceedings against her or to assist on her own defense." (Doc. 78 at 13). Dr. Opesso further opined that Defendant "has a factual and rational understanding or the 1egal proceedings before her and is able to communicate with her attorney with a reasonable degree of rational understanding." (*Id.*).

In support of his findings, Dr. Opesso observed that Defendant "displayed adequate factual knowledge of courtroom procedures and understood the role of the judge, jury, prosecutor, and defense attorney." For example, Defendant reported that the judge "oversees the process and ensures the hearings go accordingly or run properly[,]" "the prosecutor brings charges against the defendant and wants her found guilty[,]" and "the defense attorney [is] an 'advocate' for the defendant who represents her interests and wants her to receive the least punishment if she is found guilty." (*Id.* at 9–10).

Dr. Opesso also noted Defendant "was able to express her understanding of the different types of pleas and their potential outcomes." (*Id.* at 10). Further, she could "accurately described the meaning of a plea bargain as admitting guilt in exchange for lesser punishment[,]" stated that in the present case, "she is charged with two counts of 'theft of government funds and making a false statement[,]'" and "categorized the charges as felonies that could result in a prison sentence." (*Id.* at 10–11). Overall, Dr. Opesso concluded that during the evaluation, Defendant "demonstrated adequate factual and rational understanding of courtroom procedures, courtroom figures, and the ability to communicate with her attorney." (*Id.* at 11). Dr. Opesso's opinion is consistent with the Court's observation of Defendant.

At the hearing, Defendant was attentive, polite, and appeared to understand the proceedings. She responded appropriately when addressed by the Court and exhibited normal behavior. During the hearing, Defendant's counsel requested leave of the Court to disclose Dr. Opesso's Report to her client and the Court granted a recess for this purpose. After the recess, Defendant demonstrated an understanding of the Report, including clarifying that she was charged with four counts based on violations of two statutes, not two counts as she stated in the Report. Defendant appeared to interact with her counsel without difficulty.

## **CONCLUSION**

Based on the Court's review of Dr. Opesso's Report, the parties' stipulation as to Dr. Opesso's findings, and the Court's observation of Defendant's interaction with her attorney, it is hereby RECOMMENDED that the District Judge find defendant Melanie Marshall competent to stand trial.

REPORTED in Tampa, Florida, on this 20th day of May 2020.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

    cc.  Hon. Susan C. Bucklew
         Counsel of record